Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 834 | **DATE** | 5/26/2004 |
| **CASE TITLE** | Teachers Retirement System vs. Conrad Black, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    For the reasons set forth in the attached memorandum opinion, the Joint Motion for a Finding of Relatedness and Reassignment is granted and the Plaintiff's Motion for Consolidation [41-1], Appointment of Lead Plaintiff [41-2], and Approval of Lead Counsel [41-3] is denied without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | JUN 3 - 2004 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 66 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JUN 3 - 2004

| | | |
|---|---|---|
| TEACHER'S RETIREMENT SYSTEM OF LOUISIANA | ) ) ) | |
| | ) | No. 04 C 834 |
| Plaintiff, | ) ) | |
| | ) | HONORABLE DAVID H. COAR |
| v. | ) ) | |
| CONRAD N. BLACK, HOLLINGER INTERNATIONAL, INC., et al. Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

There have been several cases filed in this court alleging that Defendants Conrad Black, Hollinger Internationl, Inc., Hollinger, Inc., and Ravelston Management, Inc. committed breaches of fiduciary duty and securities fraud. This case is a putative class action filed by an institutional investor, Teachers' Retirement System of Louisiana, alleging that the Defendants made a series of fraudulent and misleading financial transactions that violated federal securities regulations and defrauded shareholders. Currently, the Plaintiff Teachers' Retirement System of Louisiana ("Teachers' Retirement System") has two motions pending: (1) a Motion to Consolidate and appoint Lead Plaintiff and Lead Counsel that was filed on April 5, 2004 (docket number 41); and (2) a Joint Motion for a Finding of Relatedness and Reassignment of Class Actions. For the reasons set forth below, the Joint Motion for a Finding of Relatedness and Reassignment is granted and the Motion to Consolidate, Appoint Lead Plaintiff, and Approve Lead Counsel is denied without prejudice.

66

I.  **Procedural Background**

On February 2, 2004, Plaintiff Teachers' Retirement System of Louisiana ("Teachers' Retirement System") filed this putative class action lawsuit alleging that the Defendants committed violations of Section 10(b) of the Securities Exchange Act and SEC Rule 10b-5. On February 19, 2004, Plaintiff Kenneth Mozingo ("Monzingo") filed a putative class action lawsuit against the same defendants alleging similar malfeasance. See Mozingo v. Black, No. 04 C 1276 (pending before Judge Manning). On April 7, 2004, a third putative class action lawsuit was filed by Washington Area Carpenters Pension and Retirement Fund ("Washington Carpenters") against the same defendants alleging similar malfeasance. See Washington Area Carpenters Pension & Retirement Fund v. Hollinger Int'l, Inc., No. 04 C 2505 (pending before Judge Andersen). On April 5, 2004, before the Washington Carpenters case was filed, Teachers' Retirement System sought to consolidate this case with the Monzingo case. Teachers' Retirement also sought appointment of itself as Lead Plaintiff and approval of its counsel to serve as Lead Counsel in this case.

Also on April 5, 2004, Teachers Retirement System filed a motion seeking a finding of relatedness and reassignment of the Monzingo case to this Court. In a separate case, Hollinger International, Inc. v. Hollinger, Inc., 04 C 698 (pending before Judge Manning), Defendant Hollinger Inc. sought a finding that this case and the Monzingo case were related and that these two cases should be assigned to Judge Manning. The Hollinger International case derived from the same core of facts, but it alleged breaches of fiduciary duty and unjust enrichment claims rather than the violations of federal securities law that are present here. Plaintiff Teachers Retirement System withdrew its motion for a finding of relatedness in this case and filed a brief

2

in support of Hollinger Inc's Motion in the <u>Hollinger International</u> case. Judge Manning denied Hollinger Inc.'s motion for a finding of relatedness due to the different legal claims and the procedural elements relating to class action cases.

On May 11, the Plaintiff in this case, together with the Plaintiffs in <u>Mozingo</u> and <u>Washington Area Carpenters Pension & Retirement Fund</u>, filed a Joint Motion for a Finding of Relatedness and Reassignment of the other two class actions. Defendant Hollinger International subsequently filed a brief in support of the Joint Motion.

## II. Relatedness and Reassignment

The Joint Motion seeks a finding that this case is related to <u>Mozingo v. Black</u>, No. 04 C 1276 (pending before Judge Manning), and <u>Washington Area Carpenters Pension & Retirement Fund v. Hollinger Int'l, Inc.</u>, No. 04 C 2505 (pending before Judge Andersen). Whether to reassign a case under Local Rule 40.4 lies within the sound discretion of this Court. <u>Clark v. Ins. Car Rentals, Inc.</u>, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999). To have a case reassigned based on relatedness, the moving parties must demonstrate that the cases are related under Local Rule 40.4(a) and that reassignment is appropriate pursuant to Local Rule 40.4(b).

Under Local Rule 40.4(a), two or more civil cases may be found to be related if some of the following conditions are met: (i) the cases involve the same property; (ii) the cases involve some of the same issues of fact or law; (iii) the cases grow out of the same transaction or occurrence; or (iv) in class action suits, one or more of the classes involved in the cases is or are the same. The Court has reviewed the complaints filed in each of these cases. The cases meet the second, third, and fourth requirement for a finding of relatedness. Each case originates from the allegedly fraudulent conduct of the Board of Hollinger International and its relationships with

3

Defendants Hollinger, Inc., Ravelston, and Black. Each lawsuit names a nearly identical set of defendants. Each complaint asserts that the Defendants violated federal securities laws based on the same set of facts and circumstances. Each complaint asserts claims on behalf of purchasers of Hollinger International's securities during the period of August 13, 1999 to March 31, 2003. This Court finds that these three cases are related under Local Rule 40.4(a).

Under Local Rule 40.4(b), cases may be reassigned only if each of the following criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. All three cases are pending in the Northern District of Illinois, so the first requirement is readily met. As with all securities fraud class actions, the legal and factual issues will require significant judicial resources. Where the cases are as closely related as these three, it conserves resources to have them all determined by a single judge. As for the third requirement, each of these cases is in its infancy. This is the earliest filed case and it is the only case that has a pending motion for appointment of a Lead Plaintiff. The Court cannot detect any substantial delays that would result from the reassignment. As these three cases are all securities class actions that originate from the same core of facts, it is clear that they are susceptible of disposition in a single proceeding. Indeed, Rule 42 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, encourage consolidation of cases like this into a single proceeding.[1] This Court finds that all four requirements for

---

1

reassignment in Local Rule 40.4(b) have been satisfied.

### III. Motion to Consolidate, Appoint Lead Plaintiff, and Approve Lead Counsel.

Teachers' Retirement System's Motion to Consolidate was filed before Washington Carpenters filed its Complaint. The presence of a third putative class of Plaintiffs has the potential to alter the parties' positions on consolidation and the appointment of a lead plaintiff and lead counsel. At this stage, the Court denies this Motion without prejudice. After the reassignment order has been entered, the parties will be free to seek consolidation and the Plaintiffs will be free to seek appointment of a lead plaintiff and approval of lead counsel.

The Court does not make a determination at this early stage that the cases should be or will be consolidated. Moreover, the issues of consolidation for discovery purposes and consolidation for trial should be considered separately. Should any party wish to consolidate the cases for discovery and/or for trial, it should file a motion for consolidation in the ordinary course.

### CONCLUSION

For the reasons set forth above, the Joint Motion for a Finding of Relatedness and Reassignment is granted and the Motion to Consolidate, Appoint Lead Plaintiff, and Approve Lead Counsel is denied without prejudice.

**ENTER:**

David H. Coar
United States District Judge

**Date: May 27, 2004**