UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE HOLLINGER INTERNATIONAL, : Cons. Civ. Action No. 04-C-0834
INC. SECURITIES LITIGATION : Judge David H. Coar

## PRELIMINARY APPROVAL ORDER

The parties to the above-captioned consolidated civil action (the "Action"), having applied for an Order seeking a class action determination herein and determining certain matters in connection with the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation and Agreement of Settlement of U.S. and Canadian Class Actions entered into by the parties (the "Stipulation"), and for dismissal of the Action upon the terms and conditions set forth in the Stipulation;

NOW, upon consent of the parties, after review and consideration of the Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1. The Court, for purposes of this order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby certifies, solely for purposes of effectuating the Settlement, a class pursuant to FED. R. CIV. P. 23(b)(3) consisting of all purchasers of common stock of Hollinger International, Inc. (now known as Sun-Times Media Group, Inc.) ("STMG" or "Hollinger International") and/or Hollinger Inc. between and including August 13, 1999 and March 31, 2003 (the "Settlement Class Period") residing in any country or territory, including, without limitation, the United States or Canada, excluding: Defendants, any other defendants named in the Illinois or Canadian Class Actions ("Other Defendants"), and the Horizon and Bradford Releasees (together with

Doc #:US1:5022494.1

Defendants and the Other Defendants, the "Excluded Parties"); any person or entity who was a partner, executive officer, director, controlling person, subsidiary or affiliate of any of the Excluded Parties during the Class Period; members of the immediate families of any of the Excluded Parties; the legal representatives, heirs, successors or assigns of any of the Excluded Parties; and any entity in which any of the Excluded Parties has or had a controlling interest during the Settlement Class Period (the "Settlement Class").

3. Pursuant to FED. R. CIV. P. 23 and for purposes of settlement only, Lead Plaintiff Teachers' Retirement System of Louisiana ("TRSL"), and named plaintiffs Washington Area Carpenters Pension and Retirement Fund ("WAC"), and Cardinal Mid-Cap Value Equity Partners, L.P. ("Cardinal Mid-Cap") are appointed as Settlement Class Representatives in the United States.

4. With respect to the Settlement Class, this Court expressly finds and concludes provisionally and for settlement purposes only that the requirements of FED. R. CIV. P. 23(b)(3) are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Class; (d) the Settlement Class Representatives and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing

2

the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Co-Lead Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. Co-Lead Counsel is hereby authorized to retain Valley Forge Administrative Services, Inc. as Claims Administrator to supervise and administer the notice and claims procedures.

7. The Court preliminarily approves: (i) the settlement of the Action as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation, the proposed Plan of Allocation, or the fairness and adequacy of their representation by Co-Lead Counsel, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

8. A hearing (the "Final Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on October 23, 2008, at 9:00 a.m. for the following purposes:

    a. to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class;

    b. to determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action with prejudice and extinguishing and releasing all Settled Claims (as defined therein);

    c.    to determine whether the Settlement Class should be finally certified;

    d.    to determine whether the Plan of Allocation should be approved by the Court as fair and reasonable;

    d.    to rule on Co-Lead Counsel's application for an award of attorneys' fees and the reimbursement of expenses; and

    e.    to rule on such other matters as the Court may deem appropriate.

9. The Court reserves the right to adjourn the Final Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice of any kind to Settlement Class Members.

10. The Court reserves the right to approve the Settlement at or after the Final Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Settlement Class.

11. The Claims Administrator shall make reasonable efforts to identify all persons and entities that are members of the Settlement Class, including beneficial owners whose shares of Hollinger International or Hollinger Inc. are held by banks, brokerage firms, or other nominees. Within ten (10) business days of the entry of this Order, Hollinger International and Hollinger Inc. shall provide the information from their transfer records required by the Claims Administrator in order to send Notice to the persons and entities who can be identified through those same records.

12. Within ten (10) calendar days after the last of the Canadian Courts enters an order approving the Notice (the "Notice Date"), the Claims Administrator shall send a copy of the Notice and the Proof of Claim and Release form ("Proof of Claim") to

be mailed by first class mail (or its Canadian equivalent), postage pre-paid, to all members of the Settlement Class, at their last known address appearing in the stock transfer records maintained by or on behalf of Hollinger International Inc. and Hollinger Inc.

13. If any of the Canadian Courts requires that any material changes be made to the Notice or the method of serving the Notice, the Parties shall seek approval of such changes by this Court, and the Notice Date and other dates set forth herein may be extended accordingly.

14. Pursuant to the Notice, each nominee shall either: (i) send the Notice and Proof of Claim to Settlement Class Members for which they act as nominee by first class mail within ten (10) calendar days after the nominee receives the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Settlement Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

15. Within twelve (12) calendar days of the Notice Date, Co-Lead Counsel or the Claims Administrator shall publish a Summary Notice, substantially in the form of Exhibit B to the Stipulation, once over the PR Newswire and on two different dates in each of the following publications: *The Wall Street Journal* (national edition);

*The New York Times* (national edition), the *National Post* (Canada), the *Globe & Mail* (Canada), *The Gazette* (Quebec), *La Presse* (Quebec), and the *Star Phoenix* (Saskatoon).

16. Co-Lead Counsel shall file with the Court and serve upon Defendant's Counsel no later than thirty (30) days prior to Final Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings and publication have been completed in accordance with the terms of this Order.

17. The Court approves the form and method of notice specified herein and finds that it is the best notice practicable and shall constitute due and sufficient notice to all persons and entities entitled to receive such notice and fully satisfy the requirements of due process and of FED. R. CIV. P. 23.

18. Any member of the Settlement Class who objects to the Settlement, the representation of the Settlement Class by Co-Lead Counsel, and/or the application for attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney at the Final Hearing and present evidence or argument that may be proper or relevant; provided, however, that no person or entity other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person or entity shall be considered by the Court unless not later than thirty (30) calendar days prior to the Hearing Date such person or entity files with the Court and serves upon counsel listed below: (i) a written notice of intention to appear; (ii) a statement of such person's or entity's objections to any matters before the Court; and (iii) the grounds therefor or the reasons that such person or entity desires to appear and be heard, as well as all documents or writings such person or entity desires the Court to consider. Such filings shall be served upon the Court and the following counsel:

Doc #:US1:5022494.1

John C. Kairis, Esq.
GRANT & EISENHOFER, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801

&mdash; and &mdash;

Ellen Gusikoff Stewart, Esq.
COUGHLIN STOIA GELLER
 RUDMAN ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101

*Co-Lead Counsel for Plaintiffs*

Daniel J. Kramer, Esq.
Robert N. Kravitz, Esq.
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
*Counsel for Defendant STMG and*
*Liaison Counsel for Hollinger Defendants*

Nathan P. Eimer, Esq.
EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
*Counsel for Hollinger Inc.*

John F. Hartmann, Esq.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Suite 5800
Chicago, IL 60601
*Counsel for the KPMG Defendants*

19. Any person or entity falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement and the Settlement Class. Any such person or entity must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") no later than fifty (50) calendar days following the Notice Date. A Request for Exclusion must state: (i) the name, address, and telephone number of the person or entity requesting exclusion; (ii) the person's or entity's purchases of the

7

securities of Hollinger International Inc. and/or Hollinger Inc. made during the Class Period, including the dates, the number of shares of purchased, and the price paid or received per share for each such purchase or sale; and (iii) that the person or entity wishes to be excluded from the Settlement Class. All persons or entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation and shall not share in the distribution of the Settlement proceeds.

20.     Any Settlement Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be further extended by Court order. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the Claimant of all Defendant Releasees as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. Any Settlement Class Member who does not submit a valid and timely Proof of Claim shall be forever barred from receiving any payments from the Settlement Fund, but shall in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

21. If this Settlement is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, any class certification herein, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), (i) shall be without prejudice, and none of the terms shall be effective or enforceable; (ii) the Hollinger Settlement Amount and KPMG Defendants Settlement Amount, plus any accrued interest, less costs of notice and administration that have been incurred or expended up to the amount of the Administrative Expense Cap, allocated pursuant to the terms of the Stipulation, shall be returned to the persons or entities paying it in to the Settlement Fund; (iii) the Parties shall revert to their litigation positions immediately prior to the execution of the Stipulation; and (iv) the fact and terms of the Stipulation and this Settlement shall not be admissible in any trial of this Action.

22. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Plaintiffs and all members of the Settlement Class are barred and enjoined from commencing or prosecuting any action asserting any claims that are or relate in any way to the Settled Claims as defined in the Stipulation.

23. Neither this Order, the Stipulation, any provisions contained in the Stipulation, any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in

any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Settlement Class, or any other person, has suffered any damage.

24. Any Party making submissions to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, shall do so by not later than seven (7) calendar days before the date scheduled for the Final Hearing.

25. The Court authorizes payment out of the Settlement Fund of the expenses described in Paragraph 32 of the Stipulation.

26. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No person or entity that is not a Settlement Class Member or counsel for Plaintiffs in this Action or the Canadian Class Actions shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

27. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.

_____
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2008

Doc #:US1:5022494.1