

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

IN RE HOLLINGER INTERNATIONAL   :
INC. SECURITIES LITIGATION           :
                                          :
                                          :

Cons. Civil Action No. 04-C-0834
Judge David H. Coar

## ORDER AND FINAL JUDGMENT

The Stipulation and Agreement Settlement of U.S. and Canadian Class Actions, dated July 26, 2007 and the Addendum thereto, dated April 14, 2008 (the "Stipulation"), of the above-captioned consolidated civil action (the "Illinois Action"), having been presented at the Final Hearing on June 11, 2009, pursuant to the Preliminary Approval Order entered herein on May 16, 2008, which was replaced *nunc pro tunc* by the Revised Preliminary Approval Order, dated December 22, 2008 ("Preliminary Approval Order"), which Stipulation was joined and consented to by all parties to the Action (the "Parties") and which (along with the defined terms therein) is incorporated herein by reference;

The Court, having determined that notice of said hearing was given in accordance with the Preliminary Approval Order to members of the Settlement Class as conditionally certified by the Court in the Preliminary Approval Order, and that said notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Stipulation and the settlement of the Illinois Action provided therein (the "Settlement"); and an opportunity to be heard having been given to all other persons and entities desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.                The Court, for purposes of this Order and Final Judgment, adopts all defined terms as set forth in the Stipulation.

2.                For purposes of this Order and Final Judgment, the "Canadian Class Actions" is defined as *Betthel v. Black*, Q.B No. 1492 of 2004, Court of the Queen's Bench Judicial Center of Saskatoon, initiated on September 7, 2004; *Drover v. Argus Corporation*, File No. 04-cv-028649,

Superior Court of Justice of Ontario, initiated on September 7, 2004; and *Betthel v. Black*, No.550-06-000014-051, Superior Court, Providence of Quebec District of Hull, initiated on February 3, 2005.

3.        The Court has jurisdiction over the subject matter of the Action, Plaintiffs, the other members of the Settlement Class, and the Settling Defendants.

4.        The Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Final Hearing (the "Notice") and the Proof of Claim form has been given to the Settlement Class (as defined hereinafter), pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Co-Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Settlement Class, and persons and entities in interest.

5.        The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of FED. R. CIV. P. 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, due process, and any of applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto, and it is further determined that all members of the Settlement Class, other than the "opt outs" listed on Exhibit 1 annexed hereto, are bound by the Judgment herein.

6.        Pursuant to FED. R. CIV. P. 23:

   a.   The Court specifically finds that: (i) the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Settlement Class, (iii) the claims of the Plaintiffs are typical of the claims of the Class, (iv) the Lead Plaintiffs will fairly and adequately protect the interests of the Settlement Class;

   b.   The Court finds that Lead Plaintiffs and Co-Lead Counsel have adequately represented the interests of the Class with respect to the Action and the claims asserted therein;

   c.   The Court finds that the questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and that the class action is superior to other available methods for the fair and efficient adjudication of the controversy;

   d.   This Action is hereby certified as a class action on behalf of all purchasers of Hollinger International Inc. or Hollinger Inc. securities between and including August 13, 1999 and March 31, 2003 (the "Settlement Class Period")

residing in any country or territory, including, without limitation, the United States or Canada, excluding Defendants and any other defendants named in the Illinois or Canadian Class Actions ("Other Defendants"), members of the immediate families of the Defendants or of any Other Defendants, the legal representatives, heirs, successors or assigns of the Defendants or any Other Defendants, and any entity in which Defendants or any Other Defendant has or had a controlling interest.

7.          The Settlement, and all transactions preparatory or incident thereto, are found to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and it is hereby approved. The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Order and Final Judgment in the Action.

8.          As used in this Order:

(A)          "Defendant Releasees" means each of the Defendants and each of their current and former divisions, parent companies, predecessors, subsidiaries, and affiliates (including, without limitation, Hollinger Canadian Newspapers Limited Partnership, Hollinger Canadian Publishing Holdings Co., Moffat Management Inc., Black-Amiel Management, Inc., 504468 N.B. Inc., 4322525 Canada, Inc., and the KPMG Defendants' foreign affiliates), and the current and former advisors, affiliates, agents, associates, attorneys (other than Torys LLP), directors, employees, insurers, members, officers, partners, representatives, and trustees of each of them, and each of their heirs, immediate family members, spouses, executors, successors, and assigns.

(B)          "Horizon and Bradford Releasees" means Horizon Publications Inc., Horizon Publications (U.S.A.) Inc., Horizon Arkansas Publications Inc., Horizon Blackfoot Publications Inc., Horizon California Publications Inc., Horizon Connecticut Publications Inc., Horizon Florida Publications Inc., Horizon Hawaii Publications Inc., Horizon Illinois Publications Inc., Horizon Indiana Publications Inc., Horizon Mississippi Publications Inc., Horizon North Carolina Publications Inc., Horizon North Dakota Publications Inc. (f/k/a Horizon Idaho Publications Inc.), Horizon Ohio Publications Inc., Horizon Vermont Publications Inc., Horizon Washington Publications Inc. (f/k/a Terra Holdings Inc.), Horizon Publications Management Services Inc., Leeming Communications Company, Review Publications Inc., Westbourne Investments Inc., Continental Newspapers Ltd. (f/k/a Horizon Operations Ltd.), and Continental Newspapers (Canada)

Ltd. (f/k/a Horizon Operations (Canada), Ltd.), and Bradford Publishing Company.

(C)         "Settled Claims" means any and all manner of claims, actions, causes of action, arbitrations, damages, debts, demands, duties, judgments, liabilities, losses, obligations, penalties, liquidated damages, proceedings, agreements, promises, controversies, costs, expenses, attorneys' fees and suits of every nature and description whatsoever, whether based on federal, state, provincial, local, foreign, statutory, or common law or any other law, rule, or regulation, in the U.S. or Canada, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, known or unknown (including those covered by Calif. Civ. Code § 1542), foreseen or unforeseen, whether class or individual in nature, that each Plaintiff and each Settlement Class Member, or any of them, ever had, now have, can have, shall or may hereafter have, or that have been or could have been asserted by Plaintiffs or members of the Settlement Class, directly or derivatively, in the Illinois Class Action, the Canadian Class Actions, or any other forum, based on, by reason of, arising from, in connection with, or in any way relating to: (i) the conduct, events, facts, transactions, occurrences, acts, representations, omissions, or other matters set forth, alleged, embraced or otherwise referred to in the Class Actions; (ii) the purchase, retention, or sale of the publicly traded securities of the Company or Hollinger Inc. during the Settlement Class Period; (iii) any sales literature, financial statements, press releases, filings, reports, opinions, or other public disclosures or statements made, issued by, or attributable to any of the Defendants; (iv) any statements or omissions made by or attributable to any Defendant concerning or relating in any way to the Company or Hollinger Inc.; (v) alleged breaches of fiduciary duty in connection with or relating to the Company or Hollinger Inc. during the Settlement Class Period or alleged aiding and abetting such breaches of fiduciary duty; (vi) the management or administration of the Company or Hollinger Inc. by any Defendant or any conduct, facts, transactions, occurrences, acts, representations, or omissions during, concerning or relating in any way to any Defendant's service as an officer, director, employee, or auditor of the Company or Hollinger Inc.; and (vii) any advice or services rendered to the Company or Hollinger Inc. by any Defendant, including, without limitation, auditing services.

9.         Plaintiffs and each and every member of the Settlement Class other than the

"opt outs" listed on Exhibit 1 annexed hereto, on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, and each of their agents (including but not limited to any investment managers and advisors), representatives, officers, directors, executives, members, partners, participants, shareholders, investors, principals, employees, trustees, assigns and attorneys of each of them to the extent those entities or individuals acted on behalf of any Plaintiffs and/or Settlement Class Member, are hereby deemed to have forever and fully released and discharged each and every Defendant Releasee and each and every Horizon and Bradford Releasee from all Settled Claims, regardless of whether he or she signed and returned a Proof of Claim, and each is forever barred and enjoined from instituting, commencing, or prosecuting any Settled Claims against any of the Defendant Releasees.

10.        Defendants, on behalf of themselves, their affiliates, predecessors, successors, assigns, agents, employees, partners and all other persons or entities controlled by any Defendant, are hereby deemed to have forever and fully released and discharged Plaintiffs and Plaintiffs' past and present officers, directors, trustees, employees, attorneys in these actions (including Co-Lead Counsel and Canadian Class Counsel), heirs, executors, representatives, successors, and assigns (collectively, the "Released Plaintiff Parties"), but not including Defendants or any current or former officers, directors, employees, auditors, agents, or attorneys of Hollinger International, Hollinger Inc., or their affiliates from any and all manner of actions, arbitrations, claims, counterclaims, cross-claims, demands, liabilities, penalties, damages, suits and causes of action of any kind and description whatsoever, whether known or unknown, relating in any way to the institution, prosecution or settlement of the Illinois Class Action or the Canadian Class Actions, other than any action to enforce this Stipulation.

11.        The Third Consolidated Amended Class Action Complaint (the "Complaint") is hereby dismissed with prejudice, and without costs, except as provided in this Order and Final Judgment.

12.        Pursuant to the PSLRA, 15 U.S.C. § 78u-4(e)(7)(A), all persons are barred from bringing any claim for contribution arising out of this Action against Defendants, and Defendants are barred from bringing any claim for contribution arising out of this Action against any

5

me

other persons. This contribution bar does not bar any claims other than the claims that the Court is required to bar under 15 U.S.C. § 78u-4(e)(7)(A).

13.         Neither this Order and Final Judgment, the Stipulation, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Settlement Class, or any other person, has suffered any damage, that Defendants' defenses lack merit, or that Plaintiffs and the Settlement Class could have recovered the Settlement Amount, or any amount, had this Action been tried; nor shall they be construed as, or deemed to be evidence of, an admission or concession by the named plaintiffs or any members of the Settlement Class that any of their claims are without merit, of that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the total Settlement Amount.

14.         Notwithstanding any provisions of any of the releases herein, except to the extent any claims are barred by Paragraph 12 above: (i) nothing in this Order and Final Judgment or the releases herein shall be deemed to be a release by any of the Defendants of any claims, cross-claims, or counterclaims they have brought or may bring against any of the other Defendant Releasees, or of any defenses to such claims, cross-claims, or counterclaims, and nothing herein shall impair or otherwise affect any litigation, pending or future, between any Defendant(s) and any other Defendant Releasee(s) pending now or in the future in any forum, including, without limitation, the actions entitled *Hollinger International Inc.* v. *Hollinger Inc.*, Case No. 04C-0698, in the United States District Court for the Northern District of Illinois, *Hollinger Inc.* v. *The Ravelston Corp. Ltd.*, Court File No. 05-CL-5822, Ontario Superior Court of Justice, *Hollinger Inc.* v. *The Ravelston Corp. Ltd.*, Court File No. 06-CL-6261, Ontario Superior Court of Justice, or *Hollinger Inc.* v. *Black*, Court File No. 07-CL-6954, Ontario Superior Court of Justice; and (ii) the releases contained herein shall

not affect any obligation or duty owed to any Defendant by the Third and Fourth Layer Insurers.

15.    The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

16.    The Court finds and concludes, pursuant to Section 27(c)(1) of the Securities Act of 1933 and Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77z-1(c)(1), 78u-4(c)(1), that this Action was not brought for an improper purpose, is not unwarranted by existing law or legally frivolous, and otherwise satisfies the requirements set forth in Rule 11(b) of the Federal Rules of Civil Procedure, and that all parties and all attorneys have complied with each requirement of Rule 11(b).

17.    The Court finds that all persons and entities within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the Settlement by executing and returning a "request for exclusion" in conformance with the terms of the Stipulation and the Notice. None of the persons and entities who have requested exclusion from this Settlement in the manner described in the Notice is bound by this Order and Final Judgment. All persons and entities that have opted out of this Action are identified on Exhibit 1 hereto.

18.    In the event that the Settlement fails to become effective in accordance with its terms, or if this Order and Final Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order and Final Judgment (except this Paragraph) shall be null and void, the Settlement, except for Paragraphs 30, 35, 36, and 38 of the Stipulation, shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Settlement, except that (i) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Co-Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Order and Final Judgment, and (ii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Order and Final Judgment.

19.    Only those Settlement Class Members filing valid and timely Proofs of Claim

and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and receive

a distribution from the Settlement Fund. The Proof of Claim to be executed by the Settlement Class

Members shall further release all Settled Claims against the Defendant Releasees and Horizon and

Bradford Releases. All Settlement Class Members who do not opt out of the Settlement shall, as of

the Final Effective Date, be bound by the releases set forth herein whether or not they submit a valid

and timely Proof of Claim.

20.          Co-Lead Counsel are hereby awarded attorneys' fees of $8,437,500, which

is 22.5% of the Settlement Fund, and reimbursement of expenses in the amount of $429,187.48. The

attorneys' fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund

within five (5) business days following the Final Effective Date. The award of attorneys' fees

shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Co-Lead

Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the

prosecution of the Action.

21. In making this award of attorneys' fees and reimbursement of expenses to be paid from

the Settlement Fund, the Court has considered and found that:

    a.   the Settlement has created a fund of $37,500,000 in cash, plus interest thereon, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Co-Lead Counsel;

    b.   Over 23,000 copies of the Notice were disseminated to putative Settlement Class Members indicating that Co-Lead Counsel was moving for attorneys' fees in the amount of up to 22.5% of the Settlement Fund and for reimbursement of expenses in an amount not to exceed $850,000, and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Co-Lead Counsel contained in the Notice;

    c.   This Action involved numerous difficult issues related to liability and damages;

    d.   Co-Lead Counsel achieved this Settlement with skill, perseverance, and diligent advocacy for the Settlement Class;

    e.   Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants;

    f.   Co-Lead Counsel has devoted over 7,400 hours, with a lodestar value of $3,638,616.25, to achieve the Settlement;

g. Co-Lead Counsel pursued this Action on a contingency fee basis;

h. Co-Lead Counsel's request of 22.5% of the Settlement Fund in attorneys' fees is consistent with awards in similarly complex cases in this jurisdiction; and

i. This Settlement was negotiated at arm's length, and no evidence of fraud or collusion has been presented.

22.        Without affecting the finality or appealability of this Judgment in any way:

(A)        the Court reserves continuing jurisdiction over the Action for the purposes of supervising the administration of the Settlement and distribution of the Settlement Fund and to enforce this Order and Final Judgment; and

(B)        the Court recognizes that Canadian Court approval of the Settlement is also required for consummation of the Settlement and that, if Canadian Court approval is not achieved, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated.

Dated: _____6/11/09_____          _____
                                  UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

The following members of the Settlement Class have opted out of the Settlement:

(1)    Mr. Max Tournier; and

(2)    Ms. Frances Helen Orser